# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

---

JOHN ROE,
an individual Plaintiff,

       Plaintiff,

                               Case No:  25-cv-10372

vs
                               Hon. Matthew F. Leitman

SEETHA MONRAD, ERIN MCKEAN, and
JANE/JOHN DOES 1-13, *in their individual
and official capacities*, JANE/JOHN
DOES 14-18, *in their official capacities*,

       Defendants.

_____/

| | |
|---|---|
| Sarah S. Prescott (P70510) | Thomas L. Kent (P55863) |
| David L. Fegley (P85275) | THE UNIVERSITY OF MICHIGAN |
| Salvatore Prescott Porter & Porter | OFFICE OF THE VICE PRESIDENT & |
| 105 East Main Street | GENERAL COUNSEL |
| Northville, MI  48167 | 1109 Geddes Avenue |
| (248) 679-8711 | Ruthven Building, Suite 2300 |
| prescott@sppplaw.com | Ann Arbor, MI  48109-1079 |
| fegley@sppplaw.com | (734) 764-0304 |
| *Attorneys for Plaintiff* | tomkent@umich.edu |
| | *Attorneys for Defendants* |

_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY

    NOW COME Defendants, by and through their counsel, the UM Office of the VP and General Counsel, and do hereby respond to the above titled motion as follows:

    1.    Defendants admit only that Plaintiff was a third-year MD/PhD student and deny the remainder of the allegation.

    2.    Denied.

    3.    Denied.

4. Defendants admit only that Monrad and McKean were Deans and deny the remainder of the allegation.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Defendants admit only that they know Plaintiff's identity and deny the remainder of the allegation.

10. Admitted.

WHEREFORE, for the reasons set forth in the accompanying brief, Defendants respectfully request that Plaintiff's Motion to Proceed Pseudonymously be denied.

Respectfully submitted,

THE UNIVERSITY OF MICHIGAN
OFFICE OF THE VICE PRESIDENT &
GENERAL COUNSEL

By: /s/ Thomas L. Kent
Thomas L. Kent (P55863)
1109 Geddes Avenue
Ruthven Building, Suite 2300
Ann Arbor, MI 48109-1079
(734) 764-0304
tomkent@umich.edu
*Attorneys for Defendants*

Date: April 16, 2025

## BRIEF IN OPPOSITION TO PLAINTIFF'S
## MOTION TO PROCEED PSEUDONYMOUSLY

### I.    BACKGROUND

In addition to this case, Plaintiff filed a companion lawsuit in the Michigan Court of Claims against the University of Michigan on February 26, 2025 alleging a violation of Article I, Section 17 of the Michigan Constitution, breach of express and implied contract, and promissory estoppel. This instant lawsuit alleges various violations of the U.S. Constitution brought against Defendants Monrad and McKean in their individual capacities pursuant to 42 U.S.C. §1983. Plaintiff also requested to proceed pseudonymously in the state court case, and that request was properly denied. (See Michigan Court of Claims Order, **Ex 1**). *The exact same factual circumstances exist in both lawsuits, which are now and will hereafter be a matter of public record in the Michigan Court of Claims.* Any asserted privacy interests that rise to the level of conferring pseudonymous status have been extinguished by the Michigan Court of Claims order. And, in any event, those asserted interests do not substantially outweigh the presumption of open judicial proceedings.

This is a straightforward case of student expulsion from the UM Medical School that contains no intimate factual circumstances. In 2024, Plaintiff Roe was a third-year student in the University of Michigan's Medical Scientist Training Program ("MSTP") and in the PhD phase of his program. (ECF No. 1, PageID.6). On May 27, 2024, Plaintiff committed a serious privacy breach by gaining unauthorized access to MiChart, Michigan Medicine's medical records database, for personal reasons. Plaintiff admitted to this violation. (ECF No. 1, PageID.10 and July 2, 2024, Apology Letter, **Ex 2**).

On June 27, 2024, a hotline report was received by UM's Compliance Office alleging inappropriate access to a patient's medical record by Mr. Roe. A reactive audit was conducted by Privacy Specialist Tammy Lemerand identifying access to the named patient by Mr. Roe.

(Shindeldecker Affidavit, **Ex 3**).  On June 28, 2024, Plaintiff received an email and then called Dean Erin McKean regarding the compliance violation. (ECF No. 1, PageID.10).  On that same day, Plaintiff was informed by Dean Seetha Monrad that his MiChart access was suspended permanently. (ECF No. 1, PageID.11). On July 1, 2024, a Breach Notification letter was sent to the patient and Mr. Roe requested, through UM Medical School personnel, to speak with the Compliance Office. Corporate Compliance works directly with the complainant/reporter and does not communicate directly with an individual named in a report. This ensures separate representation and prevents bias in privacy-related investigations. The standard process is for named students/employees to direct any questions or grievances through the appropriate channels related to their status within Michigan Medicine. The appropriate channel for Mr. Roe would be the Medical School, and he availed himself of this process. (Shindeldecker Affidavit**, Ex 3**).

Also on July 1, Plaintiff met with Deans Monrad and McKean, during which he was informed that his actions had been determined to be a "Level 4 violation" of Michigan Medicine policy, the consequence of which was dismissal. (ECF No. 1, PageID.11).  Then, on July 2, 2024, Plaintiff sent a letter to Deans Monrad and McKean in which he apologized, offered an explanation, and proposed punishments for his violation. (Apology Letter, **Ex 2**).  In the letter, Plaintiff states, in part: *"As you know, I had a horrible lapse in judgment and accessed a person's birthday through the electronic medical record." "I fully acknowledge my mistake" "I will never break a patient's trust again.  I will never violate our policies again."*

According to Plaintiff's Notice of Intent filed in the Michigan Court of Claims related to his state court claims, on July 3, Dean Monrad responded to Plaintiff's letter, informing him that determination of the level of his privacy violation was outside the purview of the medical school. On July 5, Plaintiff responded with a memo to the Deans further arguing why his actions should

not have been classified as a Level 4 violation.  On July 13, Plaintiff was contacted by Dean Monrad and Dean McKean who cited the Bulletin of Policies and Procedures 2023-2024 and explained that they had no authority to adjudicate Plaintiff's status, but that the Competency Committee was responsible for doing so. (Notice of Intent, **Ex 4**)

On July 30, 2024, Mr. Roe, together with his brother, visited the UM Medical School, Medical Education Office and met with Dr. Louito Edje and Dr. Seetha Monrad. During that visit he admitted that he violated the privacy of another employee without permission. The Compliance Office referred medical school leadership to conduct its normal process for dismissal.  During the July 30 meeting, the Competency Committee (CC) process was also discussed, specifically that the question for the CC was to either dismiss Mr. Roe or offer him the choice of withdrawal. He was told he could attend the CC meeting and could present for up to 5 minutes. He was also notified he could submit 3-5 letters of support in advance of the CC meeting. (Edje Affidavit, **Ex 5**).

Mr. Roe was informed of his violation. It was explained to him that Michigan Medicine has a zero-tolerance privacy policy (which he presumably knew from his training) and that the matter would be referred to UM Medical School's Competency Committee for a determination as to whether he would be expelled or provided an opportunity to withdraw from medical school. Mr. Roe was provided an opportunity to appear before, and be heard by, the Competency Committee via Zoom on September 6, 2024. (Edje Affidavit, **Ex 5**).

When the UM Medical School is informed of a privacy violation by Michigan Medicine Compliance there is no discretion on the part of the medical school to re-evaluate the level designation given to the violation.  In the case of a Level 4 violation, medical school policy compels expulsion. The sole discretion of the Competency Committee is to determine the manner in which the student will leave the medical school, expulsion or voluntary withdrawal. (Edje

5

Affidavit, **Ex 5**). On September 13, 2024, Plaintiff formally withdrew from the University of Michigan Medical School. (ECF No. 1, PageID.34).

## II.  ARGUMENT

"As a general matter, a complaint must state the names of all parties. Fed.R.Civ.P. 10(a). However, [courts] may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004). "Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Id.*

At best, Plaintiff satisfies only one the four criteria in *Doe*, and he concedes that he has no facts to support factors 3 and 4 relying entirely on the argument that this case presents facts of the "utmost intimacy." This case does not involve disclosure of information of the "utmost intimacy". In his brief, Plaintiff speaks of the "allegation lodged" against him, arguing that this "strikes at the heart of his integrity and professionalism." Defendants can only surmise that Plaintiff is referring to the allegation **that he admitted**.

Plaintiff should not be permitted to breach patient privacy, admit that he did it, then make the decision to sue others for the predictable consequences of that violation—<u>all while remaining anonymous</u> (which he no longer is due to the Michigan Court of Claims Order). Finally, in his brief, Plaintiff cites to *Rhodes* which is wholly distinguishable as it involved Title IX allegations of sexual misconduct directed at the plaintiff, where at least a credible "intimacy" argument can be made. This case does not come remotely close to satisfying the criteria set forth in *Doe*.

For the reasons herein, Plaintiff has failed to demonstrate that his asserted privacy interests substantially outweigh the presumption of open judicial proceedings.  The allegations are already in the public domain, Plaintiff admitted to the serious privacy violation he now seeks to hide (and does not contest it in his pleadings to this Court), and the case on which he relies is easily distinguished.  Defendants request that Plaintiff's motion be denied.

Respectfully submitted,

THE UNIVERSITY OF MICHIGAN
OFFICE OF THE VICE PRESIDENT &
GENERAL COUNSEL

By:     /s/ Thomas L. Kent
        Thomas L. Kent (P55863)
        1109 Geddes Avenue
        Ruthven Building, Suite 2300
        Ann Arbor, MI  48109-1079
        (734) 764-0304
        tomkent@umich.edu
Date:  April 16, 2025          *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

State of Michigan          )
                           ) ss
County of Washtenaw        )

I hereby certify that on April 16, 2025, I electronically filed *Defendants' Response to Plaintiff's Motion to Proceed Pseudonymously and Brief in Opposition* with the Clerk of the Court using the ECF filing system.

/s/ Jennifer L. Traver
Jennifer L. Traver