# EXHIBIT 1

# STATE OF MICHIGAN

# COURT OF CLAIMS

JOHN DOE,

        Plaintiff,

**OPINION AND ORDER**

v

Case No. 25-000021-MM

BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN,

Hon. James Robert Redford

        Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY

With his complaint, plaintiff moved to pursue this action as a John Doe. This action does not warrant such protection and the Court DENIES the motion.

Parties do not have an absolute right to proceed pseudonymously; it is a decision left to a court's discretion. *Doe v Bodwin*, 119 Mich App 264, 266-268; 326 NW2d 473 (1982).

> The decision whether to permit fictitious names is subject to a decision by the judge as to the need for the cloak of anonymity, and requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings. Among the factors to be considered in the balancing process are whether: (1) prosecution of the suit compels the plaintiff to disclose information of a private nature; (2) the plaintiff seeks to challenge governmental or private activity; and (3) the plaintiff is compelled to admit an intention to engage in illegal conduct. [*Id.* at 267 (cleaned up).]

The Court of Appeals in *Bodwin* noted, "The most common cases allowing party anonymity are those involving abortion[;] illegitimate, abandoned, or abused children subject to welfare

-1-

proceedings[;] birth control[;] homosexuality[;] transsexuality[;] mental illness[;] and personal safety." *Id.* (cleaned up). "The common thread running through these cases is the presence of some social stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record." *Id.* at 268 (cleaned up).

In *Doe v Bodwin*, the Court of Appeals remanded to the trial court to more fully consider the request of a patient to file suit anonymously against her therapist who "had sexual intercourse with her during therapy." *Id.* at 266, 270. Similarly, the Court of Appeals remanded to the trial court in *Doe v Borromeo*, unpublished opinion of the Court of Appeals, issued September 20, 2012 (Docket No. 305162), to consider whether a patient who was sexually assaulted by a medical professional was entitled to file suit under a pseudonym. Plaintiff cites *Doe v Rhodes College*, an unpublished United States District Court case from the Western District of Tennessee as supporting the use of a pseudonym in a suit arising from an academic disciplinary action. The student in that case, however, alleged the professor retaliating against her had engaged in sexual harassment and inappropriate conduct toward her.

The current plaintiff was a medical student at the University of Michigan. He claims he was constructively expelled without due process after he accessed a medical patient portal and looked at the cover of a fellow student's private medical record to find her birthday. Plaintiff alleges that he is 24 years old and has suffered extreme embarrassment and loss already. He does not want the specter of this lawsuit following him as he applies to transfer to other schools. Plaintiff does not allege that revealing his name would expose him to legal consequences for his act of looking at a fellow student's medical records. Nothing in this case rises to the level that proceeding under a pseudonym would be required.

The Court DENIES plaintiff's motion. This is not a final order resolving all issues in this case.

IT IS SO ORDERED.

Date: 3-5-2025

James Robert Redford
Judge, Court of Claims