UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ROE,

    Plaintiff,

v.

SEETHA MONRAD, *et al.*,

    Defendants.

Case No. 25-cv-10372
Hon. Matthew F. Leitman

_____/

### ORDER DENYING PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM (ECF No. 2)

Plaintiff John Roe is a former student at the University of Michigan Medical School. In this action, Roe alleges that the Defendants violated his constitutional rights when they expelled him from the University of Michigan's Medical Scientist Training Program. (*See generally* Compl., ECF No. 1.)

Now before the Court is Roe's motion to proceed under a pseudonym. (*See* Mot., ECF No. 2.) Roe argues that the "[d]isclosure of [his] identity would greatly exacerbate his trauma," would "compromise his privacy," and would "make it more difficult to pursue his medical career elsewhere." (*Id.*, PageID.61.) But another court has already ordered Roe to publicly identify himself. Thus, for the reasons explained below, Roe's motion is **DENIED**.[1]

---

[1] The Court concludes that it may resolve Roe's motion without a hearing. *See* E.D. Mich. Local Rule 7.1(f)(2).

1

As Roe acknowledges, "Federal Rule of Civil Procedure 10(a) 'requires plaintiffs to disclose their names in the instrument they file to commence a lawsuit.'" (*Id.*, PageID.66, quoting Fed. Rule Civ. P. 10(a).) "Furthermore, there is a long-established 'presumption of open judicial proceedings' that includes knowing the identity of litigants." (*Id.*, quoting *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).) However, despite this "presumption," courts may "excuse plaintiffs from identifying themselves in certain circumstances." *Porter*, 370 F.3d at 560. As the Sixth Circuit has explained:

> Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (internal quotation marks omitted).

Here, Roe says that "the first and second *Porter* factors" support his request to proceed anonymously. (Mot., ECF No. 2, PageID.67.) Most importantly, Roe contends that "[t]he allegation lodged against [him] by the Defendants […] – that he maliciously violated the privacy and confidentiality of a friend and colleague for his own personal use/gain – strikes directly at the heart of his integrity and professionalism." (*Id.*, PageID.67-68.) He insists that "[t]hese issues are of utmost

intimacy[] because they portray [him] as conniving and untrustworthy." (*Id.*, PageID.68.)

Roe's desire in maintaining his anonymity is understandable, but that interest cannot overcome the presumption of disclosure here because even if the allegations against him were of the "utmost intimacy," another court has already ordered Roe to identify himself in connection with those allegations.  On February 26, 2025, Roe filed a companion lawsuit to this case in the Court of Claims for the State of Michigan.  And, as he did here, Roe sought to proceed in that action under a pseudonym.  But on March 5, 2025, the state court denied Roe's request. (*See* St. Ct. Op. and Order, ECF No. 12-1.)  Rejecting many of the same arguments that Roe has made here, that court concluded that "[n]othing in this case rises to the level that proceeding under a pseudonym would be required." (*Id.*, PageID.195.)  The court therefore denied Roe's motion "to pursue [his] action as a John Doe." (*Id.*, PageID.194.)  And the state court docket reflects that Roe did not file a motion for reconsideration of that order and that the parties in that case instead have proceeded to summary disposition practice.[2]  Thus, because another court has already ordered Roe to identify himself in connection with the claims he makes in this action, he no longer has any privacy interest in maintaining anonymity.  Roe's motion to proceed under a pseudonym (ECF No. 2) is therefore **DENIED**.

---

[2] *See* https://webinquiry.courts.michigan.gov/?Name=COC.

Finally, Roe recently filed a Second Amended Complaint in this action. (*See* Sec. Am. Compl., ECF No. 17.) Defendants need not file a response to that pleading. Given the Court's denial of Roe's motion to proceed under a pseudonym, the Court **DIRECTS** Roe to file a Third Amended Complaint, by no later than **June 16, 2025,** that (1) removes from the caption and body of that pleading the use of the pseudonym "John Roe" and (2) replaces the use of the pseudonym with Roe's legal name. Defendants shall answer or otherwise respond to the Third Amended Complaint by no later than **July 14, 2025**. That is the date that the parties proposed, in a stipulation presented to the Court, as a deadline for responding to the Second Amended Complaint. The Court believes that that date remains the appropriate deadline to respond to Roe's Third Amended Complaint because that pleading will not include any substantive changes from the Second Amended Complaint. It will merely replace the pseudonym "John Roe" with Plaintiff's legal name.

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: May 30, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 30, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126

4