# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AHAB CHOPRA, an individual,

    Plaintiff,

v.

SEETHA MONRAD, ERIN MCKEAN, KATHRYN SHINDELDECKER and JANE/JOHN DOES 1-13, *in their individual and official capacities*, JANE/JOHN DOES 14-18, *in their official capacities*,

    Defendants.

Case No. 25-cv-10372

Hon. Matthew F. Leitman

___

SALVATORE PRESCOTT PORTER & PORTER, PLLC
Sarah S. Prescott (P70510)
David L. Fegley (P85275)
105 E. Main Street
Northville, Michigan 48167
(248) 679-8711
prescott@sppplaw.com
fegley@sppplaw.com
*Attorneys for Plaintiff*

Thomas L. Kent (P55863)
THE UNIVERSITY OF MICHIGAN OFFICE OF THE VICE PRESIDENT & GENERAL COUNSEL
1109 Geddes Avenue
Ruthven Building, Suite 2300
Ann Arbor, MI 48109-1079
(734) 764-0304
tomkent@umich.edu
*Attorney for Defendants*

___

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 56(d)**

# **TABLE OF CONTENTS**

Table of Contents…………………………………………………….…………..ii

Index of Authorities………………………………………………….……....…iii

Argument…………………………...………………….…………..…......1

Conclusion ……………….…………………………….…………..…...6

# **INDEX OF AUTHORITIES**

**Cases**                                                                                                                     **Page No(s)**

*Alice L. v. Dusek*, 492 F.3d 563 (5th Cir. 2007)..........................................................4

*Crawford v. Tilley*, 15 F.4th 752 (6th Cir. 2021)..........................................................5

*Cullen v. City of St. Ignace*, No. 2:21-CV-76,
    2023 WL 1878915 (W.D. Mich. Feb. 10, 2023)..............................................5

*Eng. v. Dyke*, 23 F.3d 1086 (6th Cir. 1994)..................................................................4

*Fisher v. City of Columbus*, No. 2:24-CV-150,
    2024 WL 4134849 (S.D. Ohio Sept. 10, 2024)................................................4

*Guy v. Absopure Water Co.*, No. 20-12734,
    2021 WL 735787 (E.D. Mich. Feb. 25, 2021)..................................................1

*In re Flint Water Cases*, 960 F.3d 820 (6th Cir. 2020)..............................................3-4

*Mitchell v. Ohio State Univ.*, No. 2:19-CV-4162,
    2020 WL 548326 (S.D. Ohio Feb. 3, 2020)......................................................4

*Owens v. Schuette*, No. 2:24-CV-10787,
    2024 WL 4469086 (E.D. Mich. Oct. 10, 2024)…………………………..…..2

*Peterson v. Johnson*, No. 2:22-CV-276,
    2022 WL 4151370 (S.D. Ohio Sept. 13, 2022)………………….…………..3

*Shimmel v. Michigan Dep't of Corr.*, No. 1:21-CV-358,
    2023 WL 2569114 (W.D. Mich. Mar. 20, 2023)………………….…..……..5

**Rules**

Fed. R. Civ. P. 12…………………………………………………………………..1-2

Fed. R. Civ. P. 56(d)………………………………………………………………..1, 6

# ARGUMENT

Plaintiff will not reiterate why his claims are colorable and well-pleaded under Rule 12, and thus must survive to discovery. Those arguments are contained in Docket Entry 25. *See* Plaintiff's Motion, ECF No. 25, PageID.700-735.

Plaintiff is not disputing that Rule 12 motions are decided on the pleadings, so a Rule 56(d) motion seeking discovery is not applicable—just as Defendants argue. Rule 56(d) affects Rule 56 motions: all parties agree. However, Defendants claim to want resolution under Rule 12, while asking this Court to ignore the pleadings and adopt what they counter as the true "established facts." *See e.g.,* Defs' Resp. Br., PageID.768 (claiming it would be unfair to allow a "debate" about so-called "established facts"). Virtually endless case law forbids that outcome. *See, e.g., Guy v. Absopure Water Co.*, No. 20-12734, 2021 WL 735787, at *2 (E.D. Mich. Feb. 25, 2021) ("[A] Rule 12(b)(6) motion cannot be granted based on 'alternative facts' put forth by a defendant and not pleaded by a plaintiff"). Nothing says this Court cannot assess Defendants' motion under Rule 12 solely based on Plaintiff's version of events; it absolutely can. But it cannot rule under Rule 12 based on Defendants' assertions. Likewise, nothing says the Court cannot decide this case under Rule 56, but as the motion points out, that must be done with discovery.

Next Defendants pivot to establishing that it would be silly to argue a defendant can *never* support a motion for summary judgment before the close of discovery. Plaintiff agrees: it *would* be silly to argue that, which is why Plaintiff has never made such a broad, categorical claim. He need not, in order not to avoid summary judgment in this case. Defendants cite to *Owens v. Schuette*, No. 2:24-CV-10787, 2024 WL 4469086 (E.D. Mich. Oct. 10, 2024) as an example of a district court granting a motion for summary judgment "prior to discovery." Defs' Resp. Br., p. 3, ECF No. 27, PageID.760. But the district court in *Owens* expressly declined to consider the extrinsic evidence presented by Defendants and decided the case on the pleadings alone. *Id*. at *2. The Court was able to do so in *Owens* because the Complaint in that case failed to plead facts upon which relief could be granted, and the claims suffered from mootness issues that are not applicable here. *Id.* at *5-6, 11. What the extensive, **binding** case law holds is that dismissing well-pleaded claims without any opportunity for discovery is generally an abuse of discretion.

Again, if the Court finds the pleadings do not state a claim at all, then it does not need Rule 56. But if it cannot resolve this case under Rule 12, then it should not do so under Rule 56 without discovery.

As to the notion that a district court "must" stay discovery entirely whenever a defendant files a motion alleging qualified immunity, argued at page 5 of

2

Defendants' Response Brief, that is simply wrong. Defs' Resp. Br., p. 5, ECF No. 27, PageID.762. For this proposition, Defendants cite *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020), which literally establishes the opposite of Defendants' point. In fact, Judge Levy had **allowed discovery** to move forward and the public entities seeking immunity appealed that decision to the Sixth Circuit. The Court of Appeals **rejected the appeal** and refused to overrule her and stay discovery. Not only was discovery allowed, the Court held, "it was necessary for discovery to proceed" and granting discovery was "well within the district court's discretion." *Id.*

Plaintiff is not confused that qualified immunity is a defense to litigating and should be decided early. But granting this motion would not be at odds with that notion. When this Court has time to get there, it will. However, the qualified immunity defense and exemption just do not apply—at all—to various claims here, as the motion points out. *See Peterson v. Johnson*, No. 2:22-CV-276, 2022 WL 4151370, at *3 (S.D. Ohio Sept. 13, 2022) (Noting that because plaintiff's official capacity claims for injunctive relief would be unaffected by any immunity ruling "Defendants will be required to respond to discovery regarding the official-capacity claims even if the individual-capacity claims are dismissed on qualified immunity grounds. And the fact that qualified immunity may resolve some of Plaintiff's claims does not require a stay of discovery as to all of Plaintiff's

3

claims"). Plaintiff is entitled to discovery on those items, as Judge Levy ruled, and as the Sixth Circuit confirmed in Defendants' own cited case.[1] Indeed, Defendants offer a block quote from a 2024 Southern District of Ohio case, *Fisher v. City of Columbus*, No. 2:24-CV-150, 2024 WL 4134849, at *3 (S.D. Ohio Sept. 10, 2024), as an example of how a qualified immunity defense can protect a defendant from being subjected to discovery obligations. But the Court's following paragraph (not quoted in Defendants' brief) is telling:

> The fact that Mr. Fishel has raised a qualified immunity defense, however, does not require a stay of discovery as to all of Plaintiff's claims. That is, qualified immunity "is a right to immunity from certain claims, not from litigation in general." *In re Flint Water Cases*, 960 F.3d at 826 (citation omitted). When a defendant "is subject to discovery requests on claims for which she does not or cannot assert qualified immunity, such discovery requests do not implicate her right to qualified immunity." *Id*. (quoting *Alice L. v. Dusek*, 492 F.3d 563, 565 (5th Cir. 2007)); *see also Mitchell v. Ohio State Univ*., No. 2:19-CV-4162, 2020 WL 548326, at *3 (S.D. Ohio Feb. 3, 2020) ("The Individual Defendants are not entitled to avoid participating in discovery in the entire action merely because some of Plaintiff's claims against them may be subject to an immunity defense.")

*Fisher v. City of Columbus*, No. 2:24-CV-150, 2024 WL 4134849, at *3 (S.D. Ohio Sept. 10, 2024).

---

[1] It is true that 30 years ago the Sixth Circuit generically stated in *Eng. v. Dyke*, 23 F.3d 1086 (6th Cir. 1994) that a pro se prisoner's discovery should be stayed during the pendency of a qualified immunity motion, but that was dicta. There was no question before the Court on this issue.

4

Finally, Defendants cite some isolated instances in which the plaintiff did not plead a viable case and, therefore, some amount of discovery was denied after other discovery had been allowed. *See cases* at Defs' Resp. Br., pp. 9-10, ECF No. 27, PageID.766-767. These are the types of "insubstantial" cases where a Court may be inclined to "allow defendants to avoid pre-trial discovery," as discussed in *Crawford v. Tilley*, 15 F.4th 752, 763 (6th Cir. 2021). One such example is *Shimmel v. Michigan Dep't of Corr.*, No. 1:21-CV-358, 2023 WL 2569114, at *4 (W.D. Mich. Mar. 20, 2023). That plaintiff on those facts did not plead a proper Eighth Amendment case; that is all the case holds. But *Shimmel* does not purport to set the standard for any other court on when to allow discovery and the Plaintiff's pleading shortcomings in that case have no relation to Plaintiff's pleadings here.

Plaintiff has pled viable claims and—unlike in several of the cases cited by Defendants—discovery has not even commenced in this case. *Cullen v. City of St. Ignace*, No. 2:21-CV-76, 2023 WL 1878915, at *15 (W.D. Mich. Feb. 10, 2023) involves the same problem. Those plaintiffs got discovery. After discovery, "[n]o evidence suggests that Litzner was involved" in the key events, so she was dismissed where there was no indication of specific evidence that might implicate her (including after she had been deposed). These cases simply do not provide guidance for this Court on these facts.

5

## CONCLUSION

Plaintiff relies on the facts and authorities cited in his Motion for Relief Pursuant to Fed. R. Civ. P. 56(d), and those stated above, and urges this Honorable Court to grant the relief sought in his Motion. *See* Plaintiff's Motion, ECF No. 25, PageID.700-735.

|  |  |
|---|---|
|  | Respectfully submitted,<br>SALVATORE PRESCOTT PORTER<br>& PORTER, PLLC |
| Dated: August 25, 2025 | /s/ Sarah S. Prescott<br>Sarah S. Prescott (P70510)<br>David L. Fegley (P85275)<br>105 E. Main Street<br>Northville, Michigan 48167<br>(248) 679-8711<br>prescott@spplaw.com<br>fegley@spplaw.com<br>*Attorneys for Plaintiff* |

## CERTIFICATE OF SERVICE

I certify that on August 25, 2025, I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's ECF system, which will send a notice and a copy of the same to all registered users and attorneys of record.

|  |  |
|---|---|
| Dated: August 25, 2025 | /s/ Sarah S. Prescott<br>Sarah S. Prescott (P70510)<br>Attorney for Plaintiff |