# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

---

AHAB CHOPRA,
 an individual,

       Plaintiff,

vs.

SEETHA MONRAD, ERIN MCKEAN,
KATHRYN SHINDELDECKER and
JANE/JOHN DOES 1-13, *in their
individual and official capacities*,
JANE/JOHN DOES 14-18, *in their
official capacities*,

       Defendants.

_____/

Case No: 25-cv-10372

Hon. Matthew F. Leitman

| | |
|---|---|
| Sarah S. Prescott (P70510) | Thomas L. Kent (P55863) |
| David L. Fegley (P85275) | THE UNIVERSITY OF MICHIGAN |
| Salvatore Prescott Porter & Porter | OFFICE OF THE VICE PRESIDENT & |
| 105 East Main Street | GENERAL COUNSEL |
| Northville, MI  48167 | 1109 Geddes Avenue |
| (248) 679-8711 | Ruthven Building, Suite 2300 |
| prescott@sppplaw.com | Ann Arbor, MI  48109-1079 |
| fegley@sppplaw.com | (734) 764-0304 |
| *Attorneys for Plaintiff* | tomkent@umich.edu |
| | *Attorneys for Defendants* |

_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR RECONSIDERATION

NOW COME Defendants, by and through their counsel, the UM Office of the VP and General Counsel, and do hereby respond to Plaintiff's Motion for Reconsideration as follows:

1.    Defendants do not contest.

2.    Defendants do not contest.

3.    Defendants deny that Plaintiff is entitled to the relief requested.

4.    Defendants admit.

WHEREFORE, for the reasons stated in the accompanying Brief in Opposition, Defendants request this Honorable Court deny Plaintiff's request for relief in the form of reconsideration of its dismissal of Count IV against the Doe Defendants.

Respectfully submitted,

THE UNIVERSITY OF MICHIGAN
OFFICE OF THE VICE PRES & GEN COUNSEL


By:    /s/ Thomas L. Kent
       Thomas L. Kent (P55863)
       1109 Geddes Avenue
       Ruthven Building, Suite 2300
       Ann Arbor, MI  48109-1079
       tomkent@umich.edu

Date: March 3, 2026          *Attorneys for Defendants*

2

## CERTIFICATE OF SERVICE

State of Michigan )
) ss
County of Washtenaw )

I hereby certify that on March 3, 2026, I electronically filed *Response in Opposition to Plaintiff's Motion for Reconsideration* with the Clerk of the Court using the ECF filing system.


*/s/ Jennifer L. Traver*
Jennifer L. Traver

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

AHAB CHOPRA,
an individual,

       Plaintiff,

      vs.

SEETHA MONRAD, ERIN MCKEAN,
KATHRYN SHINDELDECKER and
JANE/JOHN DOES 1-13, *in their
individual and official capacities*,
JANE/JOHN DOES 14-18, *in their
official capacities*,

      Defendants.
_____/

Case No: 25-cv-10372

Hon. Matthew F. Leitman

| | |
|---|---|
| Sarah S. Prescott (P70510) | Thomas L. Kent (P55863) |
| David L. Fegley (P85275) | THE UNIVERSITY OF MICHIGAN |
| Salvatore Prescott Porter & Porter | OFFICE OF THE VICE PRESIDENT & |
| 105 East Main Street | GENERAL COUNSEL |
| Northville, MI 48167 | 1109 Geddes Avenue |
| (248) 679-8711 | Ruthven Building, Suite 2300 |
| prescott@sppplaw.com | Ann Arbor, MI 48109-1079 |
| fegley@sppplaw.com | (734) 764-0304 |
| *Attorneys for Plaintiff* | tomkent@umich.edu |
| | *Attorneys for Defendants* |

_____/

## DEFENDANTS' BRIEF IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR RECONSIDERATION

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................... ii

A.    ED Mich Local Rule 7.1(h)(2)(A) ....................................................... 1

B.    Background ........................................................................................ 1

C.    Plaintiff's TAC Fails to State a Claim Under *Iqbal/Twombly* and the Court Properly Dismissed Count IV Against the Doe Defendants ........................... 2

D.    Qualified Immunity as to Doe Defendants in Count IV is Proper ................. 7

E.    Plaintiff Failed to Allege That He Engaged in or Sought to Engage in Constitutionally Protected Speech and Dismissal was Proper ........................ 8

RELIEF REQUESTED ................................................................................... 8

CERTIFICATE OF SERVICE ........................................................................ 9

# INDEX OF AUTHORITIES

## *Cases*

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).................................. passim

*Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig*., 756 F.3d 917
   (6th Cir. 2014) ........................................................................................4

*Estate of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920 (6th Cir. 2013)................3

*Fisher v. Perron,* 30 F.4th 289 (6th Cir. 2022)...........................................................4

*Kovalchuk v. City of Decherd, Tennessee*, 95 F.4th 1035, (6th Cir.), cert.
   denied, 145 S. Ct. 274, 220 L. Ed. 2d 84 (2024)....................................................2

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046
   (6th Cir. 2011) .......................................................................................3

*Omnicare, Inc. Sec. Litig.,* 769 F.3d 455 (6th Cir. 2014)...........................................4

*Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.,* 732 F.3d 645 (6th Cir. 2013) .....6

*Smith v. Gen. Motors LLC,* 988 F.3d 873 (6th Cir. 2021) .........................................3

*Terry v. Tyson Farms, Inc.,* 604 F.3d 272 (6th Cir. 2010) ........................................6

## *Other Authorities*

Eastern District of Michigan Local Rule 7.1(h)(2)(A) ..............................................1

### A.    ED Mich Local Rule 7.1(h)(2)(A)

Pursuant to Eastern District of Michigan Local Rule 7.1(h)(2)(A), motions for reconsideration are disfavored. The standard for a motion for reconsideration of a non-final order is strictly defined. After a significant rule change on December 1, 2021, the Eastern District of Michigan moved away from the old "palpable defect" standard and replaced it with a specific three-part test for mistakes. Under this Three-Part Test, the movant must show all the following: The court made a mistake; correcting the mistake changes the outcome of the prior decision; and the mistake was based on the record and law before the court at the time of its prior decision. The Court did not make a mistake and Plaintiff's motion should be denied.[1]

### B.    Background

The gist of Plaintiff's argument is that dismissal of his 1st Amendment Prior Restraint claim against the unidentified Doe Defendants was premature because discovery would have permitted him to ascertain the requisite factual bases to support this claim.  Further, Plaintiff argues that the Court made a mistake by not

---

[1] Notably, throughout his motion, Plaintiff makes many references to what Defense Counsel or the Court said or how they "engaged"- and how the Court synthesized argument during the hearing. Yet, Plaintiff offers no citation to the transcript of the hearing.  Plaintiff's burden is to demonstrate that the Court made a "mistake" based on the record and law at the time of the decision. If the Court made an error during the hearing that is not reflected in its written order, the transcript would be the best evidence of that error. Understanding that transcripts are not instant, and that a movant only has 14 days to file a motion for reconsideration, there is no indication that Plaintiff attempted to secure an expedited or daily transcript from the court reporter or request an extension from the Court to provide time for a transcript to be secured and reviewed.  Expedited transcripts are available and the fee schedule is contained in Administrative Order 23-AO-054.

1

accepting his *"on information and belief"* allegation in the Third Amended Complaint ("TAC") as true—which he claims should have been enough on the pleadings to advance the claim through the Motion to Dismiss stage.  Plaintiff is wrong on both counts, and the Court engaged the proper legal standards and analysis resulting in the correct conclusion.  Furthermore, any mistake that the Court did make would not change the outcome because Plaintiff's TAC fails to adequately plead that he was "restrained" from speech that actually had 1st Amendment protection.  This issue was briefed at length in pleadings that are now before the Court as supplemental briefs on Plaintiff's 1st Amendment claim against Defendant McKean.

**C.     Plaintiff's TAC Fails to State a Claim Under *Iqbal/Twombly* and the Court Properly Dismissed Count IV Against the Doe Defendants**

Plaintiff's 1st Amendment prior-restraint count against the Doe Defendants is rank speculation and raises only the possibility, not plausibility, of a viable claim. This fails well-established federal pleading standards. In *Kovalchuk v. City of Decherd, Tennessee*, 95 F.4th 1035 (6th Cir.), cert. denied, 145 S. Ct. 274, 220 L. Ed. 2d 84 (2024), the plaintiff, like here, contended that discovery would reveal more specific information to support his claim. But the court held that a plaintiff cannot use discovery to bridge the gap between a deficient pleading and the possibility that a claim might survive upon further investigation, and that the plaintiff could not rely

on speculation about what may be learned during discovery to defeat the defendant's motion to dismiss. *Id* at 1042. *See also New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) ("[A] plaintiff may not use the discovery process to obtain the[ ] [necessary] facts after filing suit."). Put simply, a plaintiff is "not entitled to discovery" to determine whether a claim can survive past the pleading stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 686, 129 S.Ct. 1937 (2009); *accord Estate of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 929 (6th Cir. 2013) ("[U]nder *Iqbal*, a complaint cannot survive a motion to dismiss—and plaintiffs cannot get discovery—unless the complaint shows that the defendant's wrongdoing is plausible, not just possible.")

And, in an oft-cited case on this question, the Sixth Circuit in *New Albany Tractor* reiterated that under the new *Iqbal/Twombly* standard, even though a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." 550 U.S. at 555, 127 S.Ct. 1955. Thus, the court held that the plaintiff was not entitled to use the discovery process to obtain facts after filing suit. Other cases have specifically addressed the use of *"on information and belief"* allegations, holding that without sufficient "facts" these types of allegations cannot support underlying claims because they are insufficient to establish plausibility or plausible inferences. *See e.g., Smith v. Gen. Motors LLC,*

3

988 F.3d 873 (6th Cir. 2021); *In re Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig.,* 756 F.3d 917, 931 (6th Cir. 2014); and *In re Omnicare, Inc. Sec. Litig.,* 769 F.3d 455 (6th Cir. 2014).

Additionally, in *Fisher v. Perron,* 30 F.4th 289 (6th Cir. 2022), a tort case involving a claim of public disclosure of private facts, the Sixth Circuit affirmed dismissal of the plaintiff's claim, holding:

> The complaint states that the contents of the February 18 call were "private, personal, and sensitive," but contains no facts to support an inference that a reasonable person would find them "highly offensive." Fisher offers only the conclusory allegation that Perron "disclosed to the public information that was highly offensive to [Fisher], would be offensive to any reasonable person, and was of no legitimate concern to the public." Fisher offers no allegations about the impact these disclosures had on him nor any allegations allowing us to opine on how a reasonable person would have interpreted them. This claim falls into the proscribed category of " 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). Fisher's clearest allegation is that the disclosure included confidential financial and tax information. But this allegation also lacks facts and, in his briefs in this appeal, Fisher points to no cases in which Michigan courts have found the disclosure of tax or financial information sufficient to state a claim, nor has he articulated why such a disclosure would be offensive.
>
> In sum, Fisher's allegations against Perron are insufficient to support a claim of public disclosure of private facts, and the district court was correct in dismissing the claim.

*Id* at 298.

Here, the operative pleading allegations are as follows (emphasis provided):

> *313.* **On information of belief***, Defendant McKean did so at the direction and/or with the ratification of other Defendants, who*

*specifically conferred with her about how plaintiff speech should be curtailed.*

*314. Defendant McKean's verbal **threat** not to speak with any potential witnesses was followed up with an email ordering Plaintiff specifically: "Do NOT" contact anyone "you think this may be."*

*315.  In other words, the **dictate** was unlimited in scope and vague in its phrasing, barring Plaintiff from speaking with not just Ms. Gruley, but **anyone and everyone** who "may" have been involved.*

*317.    Defendants' no-contact directive functioned as a legal impediment, as it was **officially promulgated as the policy of UM**, an arm of the state. It was an **order that entailed threatened or implied sanction** as to Plaintiff, up to an including expulsion from school and being excluded from large swaths of Ann Arbor (campus).*

*318.  Defendant McKean's order was not ultra vires, but was the **authorized command of the University itself**.*

What is not pled by Plaintiff is striking—the who, what, where and when of his prior-restraint claim is conspicuously absent in the TAC.  Interestingly, Plaintiff does not take issue with the Court's dismissal of his 1st Amendment claims as to Defendants Monrad and Shindeldecker though the same exact reasoning advanced in this motion could apply to them - that discovery will unveil a claim. But Plaintiff is not permitted to fish for a claim, and the allegation that Dean McKean was acting at the behest of unidentified others in instructing Plaintiff not to contact his victim is pure speculation unsupported by any factual pleading allegations.

Plaintiff's argument in this motion reveals the precise problem with hyperbolic and conclusory pleading allegations; Plaintiff demands acceptance of his allegations as true but uses words and phrases like "on information and belief,"

"authorized command of the University itself," "threat," and "dictate," and he claims that the **unknown** instruction from the **unknown** Does at an **unknown** time was "officially promulgated as the policy of UM."  This is exactly the type of dramatic, speculative, and fact-free pleading that *Iqbal/Twombley* intended to curtail.

While the court must generally view a complaint in the light most favorable to the plaintiff on a Rule 12 motion,

> the Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.,* 732 F.3d 645, 649 (6th Cir. 2013) (*quoting Terry v. Tyson Farms, Inc.,* 604 F.3d 272, 275–76 (6th Cir. 2010)).

An "unwarranted factual inference" is, in essence, conjecture – the forming a conclusion or an opinion based on incomplete information or guesswork rather than on established facts. Plaintiff states at page 7 of his brief, that the allegations above "allow a reasonable inference" that Defendant McKean "did not act alone."  The allegations do no such thing. Dean McKean's June 28, 2024 email to Plaintiff instructing him to not reach out to his victim was referenced in the TAC so it is fair game for review on a Rule 12(b)(6) motion, and this Court is certainly not compelled to accept that email as a "threat" or "dictate" simply because Plaintiff characterizes it as such, especially when the plain language and context of the email suggests otherwise. Nor is the Court required to accept as true Plaintiff's unsupported speculation that Dean McKean gave instruction to Plaintiff at the behest of some

6

unidentified Doe Defendant.  Moreover, Plaintiff insinuates that by Dean McKean instructing him not to reach out to anyone whom "he thinks this might be," that she has effectively banned him from talking to anyone.  As certain as the sun rises in the east, Plaintiff knew exactly whom she was talking about, and Dean McKean's appropriate discretion in not revealing Ms. Gruley's identity to Plaintiff when he knew full well who's medical record he breached, cannot raise an inference or support a claim that Plaintiff was banned from speaking to "anyone and everyone" as Plaintiff alleges in Paragraph 315.

**D.     Qualified Immunity as to Doe Defendants in Count IV is Proper**

Next, Part D. of Plaintiff's brief argues that Qualified Immunity has no bearing on his "official capacity claims."  But in his 1st Amendment prior-restraint count he only identifies (again "on information and belief") Does 1-13 and never refers to Does 14-18 anywhere in the Count.  Does 14-18, according to the TAC, are the Defendants who allegedly *"have the power and authority to reinstate plaintiff and or to operationalize other such injunctive relief as the court may order."*  It does not matter whether Does 1-13 are sued in their official capacity, because if they do not have the alleged authority of Does 14 through 18, they do not meet the *Ex parte Young* exception and must be dismissed pursuant to the University's 11th Amendment Immunity.  For reasons previously addressed in Section F. of Defendants' Motion to Dismiss, an official-capacity suit against a state official is a

7

suit against the state itself. To bypass the Eleventh Amendment's sovereign immunity, Plaintiff must satisfy the *Ex parte Young* exception, which requires naming an official who has the authority to grant the prospective injunctive relief requested. Plaintiff has failed to do this in Count IV.

**E.     Plaintiff Failed to Allege That He Engaged in or Sought to Engage in Constitutionally Protected Speech and Dismissal was Proper**

As a final matter,[2] Plaintiff's 1st Amendment prior-restraint claim as to the Doe Defendants is not only deficient for the reasons stated above, but it also fails to state a claim as a matter of law because he has failed to allege, after three amendments to his Complaint, that the "speech" that was allegedly restrained was constitutionally protected speech – – made in his capacity as a private citizen, on a matter of public concern. *Please see Defendants' Supplemental Brief Regarding 1st Amendment Claims,* ECF No. 38 PageID 865-88.

## RELIEF REQUESTED

For these reasons, Defendants request this Honorable Court deny Plaintiff's request for relief in the form of reconsideration of its dismissal of Count IV against the Doe Defendants.

\
Respectfully submitted,

---

[2] Defendants do not intend to address the spurious argument raised in Part C. of Plaintiff's brief-- namely, that the Court made a mistake because it impeded his ability to discover the identity of the Doe Defendants by staying discovery pending the outcome of Defendants' Motion to Dismiss.

THE UNIVERSITY OF MICHIGAN
OFFICE OF THE VICE PRES & GEN COUNSEL

By: */s/ Thomas L. Kent*
   Thomas L. Kent (P55863)
   1109 Geddes Avenue
   Ruthven Building, Suite 2300
   Ann Arbor, MI  48109-1079
   tomkent@umich.edu

Date: March 3, 2026   *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

State of Michigan  )
       ) ss
County of Washtenaw )

  I hereby certify that on March 3, 2026, I electronically filed *Defendants' Brief in Opposition to Plaintiff's Motion for Reconsideration* with the Clerk of the Court using the ECF filing system.

          */s/ Jennifer L. Traver*
          Jennifer L. Traver

9